O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Motion for Class Certification

    Pending before the Court is Plaintiff's Motion for Class Certification. Dkt. # 41. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.     Background

    Defendant Hobart Service ("Hobart") is a division of ITW Food Equipment Group, LLC ("ITW", together with Hobart, "Defendants"), a company that manufactures industrial equipment used for commercial food preparation, storage, production, and clean-up. *See Opp.* 3:4-8. Plaintiff Joseluis Alcantar ("Alcantar" or "Plaintiff") is currently employed by Hobart as a service technician, and has been employed since 1994. *Id.* 3:9-10; *Alcantar Dep.* 9:18-23; 10:16-25; 11:1-12; 13:3-6. Plaintiff's primary responsibility is to repair and maintain industrial foodservice equipment on the premises of Hobart's customers. *Id.* 3:11-12; *Alcantar Dep.* 43:16-25; 44:1-22; *Barhorst Decl.* ¶ 3.

    On October 5, 2011, Plaintiff filed this putative class action lawsuit against Defendants based on allegations that (1) Plaintiff was and is not compensated for his "normal commute" travel time; (2) Plaintiff's overtime pay has been incorrectly calculated due to Defendants' alleged failure to include so-called Special Incentive for Fine Performance ("SPIFF") payments in the regular rate used to compute overtime pay; and (3) Defendants have failed to provide Plaintiff off-duty meal periods, or pay in lieu thereof, as required by California law. *See SAC* ¶¶ 21, 25, 30. Plaintiff's Second Amended Complaint asserts causes of action for violations of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

California Labor Code § 1194; California Business and Professions Code § 17200 *et seq*.; and California Labor Code § 2699.

On October 2, 2012, Plaintiff filed this motion, seeking to certify the following classes to pursue all of Plaintiff's claims under Federal Rule of Civil Procedure 23:

> A class of persons employed by Hobart Service, a division of ITW Food Equipment Group, LLC, and ITW Food Equipment Group, LLC ("Hobart" or "Defendants") in California in the four years preceding the filing date of this lawsuit and the present . . .

The Plaintiff class contains two subclasses:

> (A) All persons employed as a Service Technician; and
>
> (B) All persons who worked overtime hours and were paid an hourly wage and additional compensation in the same workweek.

*Mot.* 4:5-11.

II.     Legal Standard

The decision whether to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. *See Cummings v. Connell,* 316 F.3d 886, 895 (9th Cir. 2003). A court may certify a class if a plaintiff has met the four prerequisites of Rule 23(a), and at least one of the alternative requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). Plaintiff has the burden to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) sets forth four prerequisites to class certification: (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a). If all four prerequisites of Rule 23(a) are satisfied, a plaintiff must also establish that one or more of the grounds for maintaining

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

"[D]istrict courts must conduct a rigorous analysis into whether the prerequisites of Rule 23 are met before certifying a class." *Valentino,* 97 F.3d at 1233 (citation omitted). In determining the propriety of a class action, the court is bound to take the substantive allegations of the complaint as true. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 691 F.2d 1335, 1342 (9th Cir. 1982); *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975). However, the court must also consider the nature and range of proof necessary to establish those allegations. *Id.*

III. Discussion

Defendant sets forth numerous grounds for denying class certification, including that: (1) Plaintiff cannot satisfy the typicality or commonality requirements of Rule 23(a) concerning his commuting time claim; (2) Plaintiff cannot satisfy the typicality or commonality requirements of Rule 23(a) concerning his meal and rest period claims; (3) Plaintiff cannot satisfy the predominance requirements of Rule 23(b) concerning his meal and rest period claims; and (4) Plaintiff cannot satisfy the requirements for certification of his proposed "Subclass B."

    A. Subclass A Rule 23(a) Analysis

The Court begins by analyzing whether Plaintiff has satisfied the four "prerequisites" of Rule 23(a). For a named plaintiff to obtain class certification, a court must find: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Because the parties' papers focus primarily on the commonality prerequisite, the Court will first analyze commonality.

        i. *Commonality*

Commonality requires "questions of law or fact common to the class." *See* Fed. R. Civ. Proc. 23(a)(2). The commonality requirement is construed liberally, and the existence of some

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

common legal and factual issues is sufficient. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998) ("The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has been construed permissively"). As the Ninth Circuit has noted: "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* at 1019.

However, the putative class's "claims must depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011). Morever, "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Although for purposes of Rule 23(a)(2) even a single common question will do, "'[w]hat matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.'" *Id.* at 2551 (citing Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2009)). As the Ninth Circuit recently articulated, "it is insufficient to merely allege any common question, for example, 'Were Plaintiffs passed over for promotion?' Instead, they must pose a question that 'will produce a common answer to the crucial question why was I disfavored.'" *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Dukes*, 131 S.Ct. At 2552).

Here, Subclass A presents three claims: (a) failure to pay overtime based on Hobart's failure to pay technicians for "normal commute time"; (b) meal period claims; and (c) rest period claims. *Mot.* 17:1-10.

As to the commute time claims, Plaintiff argues that common questions of law and fact predominate because Hobart has a uniform policy of denying employees commute time. Plaintiff contends that these legal claims are based on the same nucleus of operative facts, including: policies outlining Hobart's expectations regarding allowed use of service vehicles; Hobart's assigned service vehicles were stocked full of tools, equipment, and parts necessary for technicians to do their jobs; technicians were responsible for the vehicles and all of their contents; no technician parked the service vehicles at a branch at night; and Hobart does not pay technicians for transporting equipment to and from their last jobs of the day. *Reply* 2:2-10.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

      Defendants argue that Plaintiff has failed to show that there is a "uniform policy" *requiring* technicians to use their service vans to commute to and from work. *Opp.* 15:2-6. Absent proof of a company-wide policy, the commonality requirement is not met. *Dukes*, 131 S.Ct. at 2557. Defendants argue that because technicians have a choice of whether to take the vehicle home or park it at the office, Plaintiff cannot argue that there is a policy requiring technicians to take the service vehicles home. *Opp.* 16:3-10. Plaintiff counters that while the policy states that taking the service vehicle home is voluntary, the technicians are fully responsible for all equipment in the vehicles – worth from $5,000 to $12,000. *Mot.* 10:3-11. Plaintiff argues, without a supporting declaration, that there is not always a secure place to park the vehicles. *Mot.* 10:3-11. However, Defendants counter this assertion with declarations explaining that there is a secure place to park the service vehicles. *See Brandon Decl.*, ¶¶ 8, 9; *Coleman Decl.*, ¶¶ 9, 10; *Evans-Hanna Decl.*, ¶¶ 9, 10; *Nemec Decl.*, ¶¶ 8, 9; *San Jose Decl.*, ¶¶ 9, 10. Moreover, Defendants explain that technicians are only responsible for the equipment in the event that the techicians' own negligence causes damage to the equipment. *Opp.* 17:1-5. Defendants argue that technicians would not be in violation of the policy if they parked the vehicles at Defendants' office and locked the vehicles. *Id.* Accordingly, because there is no evidence to suggest that technicians were required to drive the service vehicles to their homes, the lack of a potential legal argument precludes a common issue of fact or law for purposes of Rule 23(a)(2).

      As to the meal and rest break claims, Plaintiff's theory of liability is that Defendants had a common policy that rendered meal and rest breaks unavailable and that overtime wages were not paid. *Mot.* 15:10-13. Plaintiff argues that there are common facts at issue, including: Hobart had no policy regarding providing a second meal period if Technicians worked more than 10 hours in one day; Hobart never paid an additional hour of compensation for not getting a second meal period when Technicians worked more than ten hours in one day; Hobart took no action to relieve Technicians from all duty for any meal break; Hobart had no policy providing that a meal period should occur at the fifth hour of the day, should last at least 30 minutes, and should be uninterrupted; and Hobart never paid Technicians an additional hour of compensation if a compliant meal period did not occur.

      California requires employers to provide meal breaks to employees in compliance with wage orders issued by the Industrial Welfare Commission ("IWC"). *See* Cal. Lab. Code § 226.7(a). Plaintiff's claims appear to be based on the IWC requirement that the meal break be one in which the employee is "relieved of all duty"—commonly referred to as an "off-duty meal break"— unless an exception applies that allows the employer to provide "on-duty" meal breaks.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

*See Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1035, 139 Cal.Rptr.3d 315 (2012). A *prima facie* case of California Labor Code 226.7 violations requires Plaintiff to establish that Defendant failed to provide off-duty meal breaks.

 Because Hobart was required only to make rest breaks available to the Employees, Plaintiff may prevail only if it demonstrates that Hobart's policies deprived them of those breaks. *Brown v. Fed. Express Corp.,* 249 F.R.D. 580, 585–86 (C.D. Cal. 2008). As such, where the evidence does not show, on a classwide basis, whether members of the proposed class missed rest breaks as a result of a supervisor's coercion or the employees' uncoerced choice to waive such breaks and continue working, commonality is not achieved. *See id.*

 Plaintiff offered declarations from employees as evidence that no one ever took any action to relieve the employees of all of their duties for their meal periods. *See Alcantar Decl. ¶ 4*; *Battles Decl. ¶ 5*; *Franco Decl. ¶ 4*; *Greek Decl. ¶ 4; Hartman Decl. ¶ 6*; *Hinz Decl. ¶ 5*; *Keltner Decl. ¶¶ 4, 10*; *Lamb Decl. ¶¶ 5-6*; *McGhee Decl. ¶¶ 5-6, 8*; *Salazar Decl. ¶ 4*; *Urias Decl. ¶ 4*. Defendants have provided declarations from branch managers detailing that employees were required to keep accurate time records and advise their branch manager if they were unable to take a required meal period. *Barhorst Decl.* ¶ 11. Also, Plaintiff admits that it has always been common sense for him to keep time records, that he has been disciplined for failing to keep such records, and that in his 18 years of employment, he has never advised a branch manager that he was unable to take a meal period. *Alcantar Dep.* 40:11-19; 42:19-24; 58:5-11.

 Even if Plaintiff's evidence established an unofficial policy of failing to provide employees with their meal and rest breaks, these issues are inappropriate for class certification because under Federal Rule of Civil Procedure 23(b), individualized questions would predominate as to whether employees worked "off-the-clock." Other district courts in California have found such claims inappropriate for class-wide adjudication because of the individualized nature of demonstrating that plaintiffs were forced to forego meal breaks. *Salazar v. Avis Budget Gr., Inc.,* 251 F.R.D. 529, 534 (S.D. Cal. 2008); *Kenny v. Supercuts, Inc.,* 252 F.R.D. 631, 646 (N.D. Cal. 2008).

 Thus, because Plaintiff has failed to prove commonality with regard to the commute time claims, the meal breaks, and the rest breaks, the Court need not address the remaining requirements under Rule 23(a) or Rule 23(b) as to those claims.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

B.  Subclass B Analysis

Plaintiff claims that Defendants are not in compliance with federal and California law because Defendants failed to pay overtime wages. Plaintiff defines Subclass B as "[a]ll persons who worked overtime hours and were paid an hourly wage and additional compensation in the same workweek" but fails to define the term "additional compensation."

Here, too, Plaintiff fails to identify a policy suggesting that there is a common question. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("If there is no evidence that the entire class was subject to a discriminatory practice, there is no question common to the class."); *Aburto v. Verizon Cal., Inc.*, No. CV 11-03863-ODW (VBKx), 2012 WL 10381, at *6 (C.D. Cal. Jan. 3, 2012) (same). Plaintiff's claim appears to be based on a failure to include special incentive for fine performance ("SPIFF") payments in the regular rate calculation. However, Plaintiff fails to offer any evidence suggesting that SPIFF payments were not included in the regular rate calculation.[1] Defendants present evidence suggesting that Plaintiff does not know how the regular rate is calculated. *Alcantar Dep.* 27:4-16; 77:1-25; 78:1-25. Moreover, Defendants present evidence that they do include SPIFF payments in the regular rate calculation. *Jewett Dep.* 119:11-25; 120:1-25; 121:1-15. Accordingly, because Plaintiff has failed to present any evidence that would support the certification of Subclass B, certification of the proposed Subclass B is denied.

IV.  Conclusion

Based on the foregoing, Plaintiff's motion for class certification is DENIED.

**IT IS SO ORDERED.**

---

[1] For the first time in its Reply, Plaintiff suggests that Mr. Alcantar's "Award" payment was not included in the regular rate calculation by pointing to his wage statement. *See Workman Supp. Decl.*, Ex. I. However, Plaintiff makes no attempt to explain the evidence and how it proves that SPIFF payments were not included in the regular rate calculation. This evidence does not support the existence of a uniform policy.