O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment

Pending before the Court is Defendant's Motion for Summary Judgment. Dkt. # 41. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART and DENIES IN PART the motion.

I.  Background

Defendant Hobart Service ("Hobart") is a division of ITW Food Equipment Group, LLC ("ITW", together with Hobart, "Defendants"), a company that manufactures industrial equipment used for commercial food preparation, storage, production, and clean-up. *See Mot.* 3:2-3. Plaintiff Joseluis Alcantar ("Alcantar" or "Plaintiff") is currently employed by Hobart as a service technician, and has been employed since 1994. *Id.* 3:7-8; *COE*, Ex. 1 (*Alcantar Dep.* 9:18-23; 10:16-25; 11:1-12; 13:3-6). Plaintiff's primary responsibility is to repair and maintain industrial foodservice equipment on the premises of Hobart's customers. *Mot.* 3:9-11; *COE*, Ex. 1 (*Alcantar Dep.* 43:16-25; 44:1-13, 16-22); *COE*, Ex. 4 (*Barhorst Decl.* ¶ 3).

Defendants provide Plaintiff with a service van equipped with tools, parts, and other items necessary for Plaintiff to repair and maintain the equipment. *SUF* 9; *COE*, Ex. 1 (Alcantar Dep. 13:24-25; 14:1-10; 14:18-24; 16:3-6; 18:15-23); *COE*, Ex. 2; *COE*, Ex. 4 (*Barhorst Decl.* ¶ 6). Plaintiff uses his van to travel to each service assignment. *SUF* 9. Plaintiff has the option to leave his service van at his branch office at the end of the day or to drive his service van home. *COE*, Ex. 2, ¶ 8; *COE*, Ex. 1 (Alcantar Dep. 64:24-65:1; 65:5-6), *Workman Decl.*, Exs. R-X

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

(*Brandon Decl.* ¶8, 3:7-9; *Coleman Decl.* ¶9, 3:19-21; *Evans-Hanna Decl.* ¶9, 3:14-16; *Hanna Decl.* ¶9, 3:13-15; *San Jose Decl.* ¶9, 3:18-20; *Miller Decl.* ¶8, 3:9-11; *Nemec Decl.* ¶8, 3:17-19). Aside from driving the service van to and from his home, Plaintiff is not permitted to use the service van for any personal use. *COE*, Ex. 2, ¶ 5.

Plaintiff has been compensated on an hourly basis for the duration of his employment. *SUF* 23; *COE*, Ex. 1 (*Alcantar Dep.* 23:15-21). The only form of compensation Plaintiff has received beyond his hourly wages consists of Special Incentive for Fine Performance ("SPIFF") payments, which are additional incentive payments employees can earn. *SUF* 24; *COE*, Ex. 1 (*Alcantar Dep.* 24:5-14).

On October 5, 2011, Plaintiff filed a class action lawsuit against Defendants based on allegations that (1) Plaintiff was and is not compensated for his "normal commute" travel time; (2) Plaintiff's overtime pay has been incorrectly calculated due to Defendants' alleged failure to include SPIFF payments in the regular rate used to compute overtime pay; and (3) Defendants have failed to provide Plaintiff off-duty meal periods, or pay in lieu thereof, as required by California law. *See SAC* ¶¶ 21, 25, 30. Plaintiff's Second Amended Complaint asserts causes of action for violations of California Labor Code § 1194 (overtime wages); California Business and Professions Code § 17200 *et seq.* ("UCL"); and California Labor Code § 2699 ("Private Attorney General Act" or "PAGA").

Plaintiff filed a motion for class certification, which the Court denied. *See* Dkt. # 63. On October 29, 2012, Defendants filed this motion, seeking summary judgment as to all claims. *Mot.* 2:6-27; Dkt. # 44.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III. Discussion

Defendants argue that Plaintiff's first cause of action is without merit to the extent it is based on Defendants' alleged failure to pay Plaintiff for commute time, to include "SPIFF" payments in Plaintiff's regular rate of pay, and to provide Plaintiff off-duty meal periods in compliance with California law. Defendants also allege that summary judgment must be granted as to Plaintiff's UCL and PAGA claims. Each of Defendants' arguments will be addressed in turn.

    A.    California Labor Code § 1194 (Overtime Pay)

        i.    *Commute Time*

Under California law, commuting time to and from the place of employment or the first place at which an employee's presence is required by the employer is not considered part of a day's work; this is so even when the employee commutes in a vehicle owned, leased, or subsidized by the employer and used for the purpose of ridesharing. *See* Cal. Lab. Code, § 510, subd. (b).

In *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 578-79, 94 Cal. Rptr. 2d 3 (2000), agricultural employees alleged that they should be compensated for travel time where an employer required them to commute to and from work on a shuttle provided by the employer. *Id.* The employer's rules prohibited employees from using their own transportation to get to and from the fields. *Id.* at 579. If an employee drove to the fields instead of riding the shuttle, he would be warned on the first occasion and sent home on the second. *Id.* at 580. The California Supreme Court analyzed the governing Industrial Welfare Commission wage order, which

Case 5:11-cv-01600-PSG-SP Document 93 Filed 12/13/12 Page 4 of 10 Page ID #:3676

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

defined "hours worked" as "the time during which an employee is subject to the control of an employer . . . includ[ing] all the time the employee is suffered or permitted to work, whether or not required to do so." *Id.* at 578 (citing Cal. Code. Regs., tit. 8, § 11140, subd. 2(G)). The Court recognized that the employer exercised a significant degree of control over the employees by requiring them to use the shuttle for transportation, and so even though employees were not working while on the shuttle, the employer's exercise of control made the travel time compensable. *Id.* at 586. However, the *Morillion* court was careful to note that "employers do not risk paying employees for their travel time merely by providing them transportation . . . [but] by requiring employees to take certain transportation to a work site, employers thereby subject those employees to its control by determining when, where and how they are to travel." *Id.* at 588.

Six years later, in *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 265, Cal. Rptr. 3d 693 (2006), an amusement park employee filed a class action lawsuit arguing that based on *Morillion*, he and other similarly situated employees were entitled to compensation for travel time when they commuted to work on a shuttle provided by Disney. *Id.* The employees drove to a parking lot provided by Disney, and then took a shuttle from the parking lot to the employee entrance, which was approximately one mile. *Id.* at 266. The Court recognized that the case differed from *Morillion* because employees were not required to take the shuttle; they could walk or bicycle from the parking lot, or they could bypass the parking lot by taking the train, taking the bus, or being dropped off. *Id.* at 271.

The *Overton* court also rejected the plaintiff's argument that travel time should be compensable because as a practical matter, employees were required to use the shuttle because no alternative transportation was available or feasible. *Id.* at 272.

Here, Plaintiff drives Defendants' service vehicle to and from work. Defendants argue that there is no material issue of fact as to whether commute time is compensable because like in *Overton*, Plaintiff is not *required* to drive Defendants' service vehicle. Rather, Defendants provide Plaintiff with the option to drive their truck for the sake of convenience. In the motion for class certification, this Court recognized that there was no evidence to suggest that Plaintiff was required to drive Defendants' service vehicle to his home. *See* Dkt. # 63 at 5.

Plaintiff has failed to present any additional evidence that would raise a triable issue of material fact suggesting that Plaintiff is required to drive the service vehicle to his home. In fact, Plaintiff admits that he signed a Service Technician Agreement detailing that using the service vehicle to commute was a choice. It read: "I understand that I have the option of driving the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

company vehicle to my home at the end of the work day and from my home to my first assignment of the day. I also understand I may park the company vehicle at the office to which I am assigned." *COE*, Ex. 2, ¶ 8. Plaintiff even agreed in his deposition that the agreement indicated that he was not required to take the service vehicle home. *COE*, Ex. 1 (Alcantar Dep. 64:24-65:1; 65:5-6).

    Plaintiff attempts to argue that even if there were written policies suggesting that using the service vehicle to commute was optional, in practice, parking the vehicle at the office was not feasible. Plaintiff argues that he could not leave the service vehicle parked at his office because there was a lot of expensive equipment in the service vehicle for which he was responsible. However, Plaintiff has failed to present any evidence that he was not able to park the service vehicle at the office. He argues that there were not enough parking spaces at the office for all of the service vehicles, and that no other technicians left their service vehicles at the office. However, as both *Morillion* and *Overton* recognized, the fact that an alternate means of transportation is not available or feasible does not make travel time compensable; rather, the inquiry turns on whether a plaintiff has the option of taking the employer-provided transportation. *See Overton*, 136 Cal. App. 4th at 272-73 (citing *Morillion,* 22 Cal. 4th at 589, n.5).

    There is no issue of material fact as to whether leaving the service vehicle at the office was optional. In many of the declarations submitted by Plaintiff to establish that employees were required to drive the service vehicles home, the declarants expressly stated that driving the service vehicle home was an option provided by their employer. *Workman Decl.*, Exs. R-X (*Brandon Decl.* ¶8, 3:7-9 ("Hobart gives its service technicians the option to leave their service vans at their branch offices at the end of the work day or, in the alternative, to take their vans home with them.); *Coleman Decl.* ¶9, 3:19-21 (same); *Evans-Hanna Decl.* ¶9, 3:14-16 (same); *Hanna Decl.* ¶9, 3:13-15 (same); *San Jose Decl.* ¶9, 3:18-20 (same); *Miller Decl.* ¶8, 3:9-11 (same); *Nemec Decl.* ¶8, 3:17-19 (same)).

    Plaintiff's argument that he was under the control of Defendants' during his commute is similarly unavailing because, like in *Overton*, Plaintiff was not required to subject himself to Defendants' control. *Id.* at 271.

    Because Plaintiff has failed to present any evidence that would dispute Defendants' evidence showing that it was optional to use the service vehicle to commute to and from work, there is no evidence to suggest that the commute time should be compensable. Accordingly, as to the commute time claims, Defendants' Motion for Partial Summary Judgment is GRANTED.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

Thus, to the extent that any of Plaintiff's causes of action are premised on a failure to compensate for commute time, Plaintiff may not pursue those claims.

      ii.      *"SPIFF" Payments*

Defendants also argue that to the extent Plaintiff's overtime pay allegations are based upon Defendants failure to include "SPIFF" payments when calculating Plaintiff's regular rate of pay, those allegations are without merit. Under California law, the "regular rate" is determined in accordance with federal standards. *See* 2002 Update to DLSE Enforcement Policies and Interpretations Manual (Revised), §§ 49.1.2.2, *et seq.*, www.dir.ca.gov/dlse/manual-instructions.htm. Under federal law, the "regular rate" is determined by "dividing [an employee's] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by [the employee] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. Defendants argue that "[a]ll SPIFF payments made by Hobart are *automatically* included in the regular rate calculation used to compute overtime pay in the same manner as are all hourly wages." *COE*, Ex. 3 (*Jewett Dep.* 119:11-121:5).

First, Plaintiff attempts to counter Defendants' evidence by arguing that Mr. Jewett, a district manager, had no involvement with payroll or the regular rate of pay calculation. However, regardless of whether he was involved with payroll, Mr. Jewett's deposition testimony establishes that he was made aware of how the SPIFF payments were included and taxed for payroll purposes. *COE*, Ex. 3 (*Jewett Dep.* 120:7-19).

Second, Plaintiff points to the deposition testimony of Cindy Richey, an employee in Human Resources. *Opp.* 23:25-27. Plaintiff argues that because "she attested that she has no involvement in this calculation and received no training on this issue," this means that there is an issue of fact as to whether the SPIFF compensation is included in the regular rate of pay calculation. *Id*. However, the fact that Ms. Richey said, "I basically take the hours and submit them to corporate" does not create a factual issue as to whether SPIFF payments are included in the regular rate of pay; rather, it only means that Ms. Richey lacks personal knowledge as to how SPIFF payments are calculated. *See Workman Decl.,* Ex. B, *Richey Dep.* 55:12-19.

Third, Plaintiff points to a wage statement that allegedly reflects that a SPIFF award was not included in the regular rate of pay calculation. *See Alcantar Decl.*, Ex. G. However, it is not clear from the face of the document that the SPIFF award was not included in the regular rate of pay calculation, and Plaintiff has made no attempt to explain how the SPIFF award is not

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

included. Even after the Court noted in its Class Certification Order that Plaintiff's evidence was insufficient because Plaintiff made no effort to explain the wage statement, Plaintiff made no such attempt to explain the document.

Accordingly, because Defendants have offered the Jewett testimony, which establishes that SPIFF payments are included in the regular rate of pay, and Plaintiff has failed to present any evidence that shows a remaining issue of fact for trial, Defendants' Motion for Partial Summary Judgment is GRANTED as to SPIFF payments. Thus, to the extent that any of Plaintiff's causes of action are premised on a failure to include SPIFF payments in the regular rate of pay, Plaintiff may not pursue those claims.

   iii. *Meal Periods*

The California Supreme Court recently clarified the law regarding meal periods in *Brinker Restaurant Corp. v. Superior Court,* 53 Cal. 4th 1004, 139 Cal. Rptr. 3d 315, 273 P.3d 513 (2012). The court concluded that "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Id.* at 338. The court further explained that a "worker must be free to attend to *any* personal business he or she may choose during the unpaid meal period." *Id.* at 340 (quotations omitted). Accordingly, the meal period requirement is only "satisfied if the employee (1) has at least 30 minutes uninterrupted, (2) is free to leave the premises, and (3) is relieved of all duty for the entire period." *Id.*

In a concurring opinion joined by Justice Liu, Justice Werdegar emphasized that relevant IWC wage orders also require employers to *record* meal periods. *Id.* at 353, 273 P.3d 513 (Werdegar, J., concurring) (citing Cal. Code Regs. tit. 8, § 11050); *see also* Cal. Code Regs. tit. 8, § 11040(7)(A)(3) (same). The Justices therefore concluded that the burden is on the employer to show that it relieved an employee of all duty for a meal period, if the employer fails to record the meal period as required. *Brinker,* 139 Cal.Rptr.3d at 353 & n. 1, 273 P.3d 513 (Werdegar, J., concurring) ("[T]he burden is on the employer. To place the burden elsewhere would offer an employer an incentive to avoid its recording duty and a potential windfall from the failure to record meal periods. Both the United States Supreme Court and the courts of this state have rejected such an approach.") (citations omitted).

Here, Defendants have not presented any evidence that they recorded meal periods. Accordingly, Defendants bear the burden of proving that Plaintiff was advised of his legal right to take a meal period and knowingly and voluntarily decided not to take the meal period.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

In *Ricaldai*, the Court found that there were genuine issues of material fact as to whether the employer had complied with the meal time requirements. *Ricaldai v. U.S. Investigations Servs., LLC*, --- F. Supp. 2d ---, 2012 WL 2930474, at *6 (C.D. Cal. May 25, 2012). Like in this case, the employer had failed to record meal periods. *Id.* at *5. The court recognized that even if the burden of proof were on the plaintiff, summary judgment was inappropriate because the evidence showed a genuine issue of material fact. *Id.* One of the pieces of evidence that permitted the court to draw the inference that the plaintiff was not afforded meal breaks was that the employer prohibited employees from taking any personal time during the workday without employer permission. *Id.* at *5. The court acknowledged that prohibiting personal time was inconsistent with *Brinker*, where the court emphasized that employees are entitled to a "full thirty-minute period" where the worker "must be free to attend to *any* personal business he or she may choose." *Id.* (citing *Brinker*, 139 Cal.Rptr.3d at 340 (internal quotation marks omitted)). The court found that there were genuine issues of material fact even though the employee handbook detailed that employees were not permitted to work during meal periods. *Id.* It also noted that it was irrelevant that the employer exerted no direct control over the plaintiff during the workday and it did not matter that plaintiff "technically *could* have scheduled her work day to incorporate a duty-free meal period while still completing her tasks." *Id.*

Here, Defendants do not present any evidence that Plaintiff was advised of his legal right to take a meal period and knowingly and voluntarily decided not to take the meal period. To the contrary, Plaintiff presents evidence suggesting that Defendants did not relieve Plaintiff of his duties for the designated period. Plaintiff testified in his deposition that he was not able to take "[a] full sit-down, 30-minute break." *COE*, Ex. 1 (*Alcantar Dep.* 56:7-57:1, 4-8, 11-15, 18-20). Plaintiff also confirms that no one ever took any action to relieve him of all duty for his meal periods. *Alcantar Decl.*, ¶ 4. Further, Defendants' Rules/Understandings limit personal use of service vehicles to Plaintiff's commute to and from work. Like in *Ricaldai*, based on this restriction, Plaintiff is not free to attend to *any* personal business he chooses. Further, even the revised employee handbook does not inform employees that their meal periods should be interrupted. *See Alcantar Decl.*, Ex. J. Based on the evidence presented, Defendants have failed to meet their evidentiary burden and Plaintiff has presented evidence that raises issues of material fact with regard to the meal period claim. Thus, Defendants' Motion for Summary Judgment is DENIED as to the meal period claim.

      iv.    *Rest Periods*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

Plaintiff contends in his Opposition that it would be improper for the Court to enter judgment in favor of Defendants because Defendants do not address Plaintiff's rest period claims. *Opp.* 4:12-14. Defendants clarify that they did not move for Summary Judgment as to rest period claim because "Plaintiff has not pled a rest period claim" and any claim so pled appears to be a typographical error. *Reply* 10:9, n. 10. Accordingly, the Court need not issue a ruling on the rest period claim.

  B. UCL

Defendants argue that Plaintiff's UCL claim is without merit because it incorporates all of the allegations of Plaintiff's first cause of action. *See SAC* ¶ 23. Plaintiff agrees that its UCL claim is derivative of its first cause of action. *Opp. Sep. St.* at 67:8-9. However, because Defendants' Motion for Summary Judgment was denied as to the meal period claim, Plaintiff's first cause of action has not been terminated in its entirety. Accordingly, because Plaintiff's UCL claim is derivative of the first cause of action, it is denied only to the extent that Plaintiff's UCL claim hinged on commute time and SPIFF rate calculation allegations.

  C. PAGA

Plaintiff seeks to recover civil penalties under PAGA because he was not provided "meal periods, paid compensation for lack of meal periods, paid earned wages, including overtime pay, or provided a wage statement as required by law, in violation of the Labor Code . . . ." *FAC* 30. Under PAGA,

> any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected ... for any violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees....

Cal. Lab. Code § 2699(a).

Defendants argue that Plaintiff lacks standing under PAGA because he is not an "aggrieved employee." Cal. Lab. Code § 2699(a). Defendants' argument appears to be based on the premise that if Plaintiff no longer has claims under the first and second causes of action (overtime pay and UCL), he cannot qualify as an aggrieved employee. Because Defendants have not proven that Plaintiff has no claims under his first and second causes of action, the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#44; 12/17 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | December 13, 2012 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

argument that Plaintiff lacks standing under PAGA fails. Accordingly, Defendant's Motion for Summary Judgment is DENIED as to the PAGA claims.

IV.   Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is:

- GRANTED as to commute time claims in the first cause of action for overtime pay;
- GRANTED as to inclusion of SPIFF payments in regular rate pay in the first cause of action for overtime pay; and
- DENIED as to meal period claims in the first cause of action for overtime pay;
- DENIED as to the second cause of action for UCL claims that are derivative of meal period claims; and
- DENIED as to third cause of action for PAGA claims that are derivative of meal period claims.

**IT IS SO ORDERED.**