O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#79

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     (In Chambers) Order DENYING Defendants' Motion in Limine # 4

      Pending before the Court is Defendants Hobart Service and ITW Food Equipment Group, LLC's ("Defendants") Motion in Limine # 4.  Dkt. # 79.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  After considering the moving papers, opposing papers, and reply papers, the Court DENIES the motion.

      On October 5, 2011, Plaintiff filed a class action lawsuit against Defendants based on allegations that (1) Plaintiff was and is not compensated for his "normal commute" travel time; (2) Plaintiff's overtime pay has been incorrectly calculated due to Defendants' alleged failure to include SPIFF payments in the regular rate used to compute overtime pay; and (3) Defendants have failed to provide Plaintiff off-duty meal periods, or pay in lieu thereof, as required by California law.  *See* SAC ¶¶ 21, 25, 30.  Plaintiff's Second Amended Complaint asserts causes of action for violations of California Labor Code § 1194 (overtime wages); California Business and Professions Code § 17200 *et seq*. ("UCL"); and California Labor Code § 2699 ("Private Attorneys General Act" or "PAGA").

      Plaintiff filed a motion for class certification, which the Court denied.  *See* Dkt. # 63.  Defendants then filed a Motion for Summary Judgment, which the Court granted in part and denied in part.  Dkt. # 93.  In their Motion in Limine, Defendants contend that Plaintiff can no longer pursue his cause of action under the PAGA because the Court denied the motion for class certification.

      Under the PAGA, an "aggrieved employee" may bring an action against his employer "on behalf of himself or herself and other current or former employees."  Cal. Lab. Code. § 2699.  If

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#79

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

the PAGA claim is successful, the employer must pay "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." *Id.* § 2699(f)(2). The civil penalties recovered by employees are then distributed such that 25 percent of the penalties go to the aggrieved employees and 75 percent of the penalties go to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities under the Code. *Id.* § 2699(i). The purpose of PAGA "is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *Ochoa–Hernandez v. Cjaders Foods, Inc.,* No. 3:08–cv–2073–MHP, 2010 WL 1340777, at *4 (N.D. Cal. Apr. 2, 2010).

First, Defendants argue that Plaintiff's PAGA claim is barred by his failure to satisfy Rule 23. In *Arias v. Superior Court,* the California Supreme Court held that PAGA, Cal. Lab.Code §§ 2698-2699.5, does not require plaintiffs to meet state class-certification requirements under California Code of Civil Procedure section 382. *Arias v. Superior Court*, 46 Cal.4th 969, 975, 95 Cal.Rptr.3d 588 (2009). The Court recognized that state class-certification requirements did not apply to PAGA claims because unlike a class action, which seeks recovery on behalf of individual employees, a plaintiff suing under PAGA steps into the shoes of the state labor law enforcement agencies. *Id.* at 986. While the issue of PAGA's applicability to state class-certification requirements is clear, there is a split of authority among the district courts as to whether Rule 23 class certification is required for maintenance of a PAGA claim in federal court.

The minority opinion is that because PAGA is a procedural statute that allows for recovery to unnamed non-parties, an individual plaintiff lacks standing to recover on behalf of these third parties absent class certification. *See, e.g., Fields v. QSP, Inc.*, 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012).

In *Fields*, the Court determined that Federal Rule of Civil Procedure 23 automatically applies to all civil actions in federal court. *Id.* at *5. The Court explained that the ability of plaintiffs to bring PAGA claims absent certification in state court was immaterial because of the federal procedural requirements. *Id. See also Adams v. Luxottica U.S. Holdings Corp.,* No. SA CV 07–1465 AHS (MLGx), 2009 WL 7401970, at *2 (C.D. Cal. July 24, 2009) ("Having failed to comply with the certification requirements of Rule 23, plaintiffs lack standing to represent the rights and interests of third parties. Although PAGA authorizes representative actions, California state law cannot alter federal procedural and jurisdictional requirements."); *Ivery v. Apogen*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#79

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

*Techs., Inc.*, 2011 WL 3515936, at *3 (S.D. Cal. Aug. 8, 2011) (determining that Section 2699(a) contravenes federal procedural requirements); *Thompson v. APM Terminals Pac. Ltd.*, 2010 WL 6309364, at *2 (C.D. Cal. Sept. 20, 2012) (same).

      However, this Court disagrees with *Fields* and related cases. While *Fields* recognizes that federal class action requirements differ from those of California, it fails to recognize the importance of the critical distinction between a class action and a PAGA action, as raised in *Arias*. *Fields*, 2012 WL 2049528, at *5, n.2. As Judge Feess noted in *McKenzie*, *Adams*, upon which *Fields* relies, is based on the flawed assumption that "'PAGA claims are representative actions brought on behalf of other aggrieved employees,' rather than a law enforcement action." *McKenzie v. Federal Exp. Corp.*, 765 F.Supp. 2d 1222, 1234 (C.D. Cal. 2011) (citations omitted). Unlike a class action, which allows individuals to seek financial remuneration as a way to redress personal injuries, *Deposit Guaranty, N.A. v. Roper*, 445 U.S. 326, 339 (1980), a PAGA action is brought on behalf of the state labor agencies to punish noncompliant employers. As such, "PAGA claims are law enforcement actions, not class actions," *Arias*, 46 Cal.4th at 986, and are not governed by Rule 23. *Mendez v. Tween Brands, Inc.*, No. 2:10-cv-00072-MCE-DAD, 2010 WL 2650571, at *4 (E.D. Cal. 2010). Indeed, representative PAGA actions are "[g]enerally analogous to shareholder derivative suits," as "aggrieved employees are deputized [under PAGA] to step into the shoes of the LWDA and pursue its interests in enforcement of the Labor Code." *Plaisted v. Dress Barn, Inc.*, No. 2:12-cv-01679 ODW (SHx), 2012 WL 4356158, at *2 (C.D. Cal. Sept. 20, 2012) (citations omitted). Unlike a class action, a PAGA action does not limit "an employee's right to pursue or recover other remedies available under federal law, either separately or concurrently with [a PAGA] action," Cal. Labor Code § 2699(g)(1), nor does it require PAGA plaintiffs to give notice to other "aggrieved employees." Thus, because a PAGA action is fundamentally distinct from a class action, it should not be restricted by the procedural limitations of Rule 23.

      For this reason, the majority of federal courts have determined that class certification under Rule 23 is not required to maintain a cause of action under PAGA. They assert that because PAGA is a law-enforcement mechanism, and not an action designed to confer a private benefit on behalf of the plaintiff and any represented employees, the Rule 23 requirements do not apply. *See, e.g., Thomas v. Aetna Health of California*, No. 1:10-cv-01906 AWI (SKo) 2011 WL 2173715, *12-13 (E.D. Cal. June 2, 2011) (surveying relevant case law and concluding that "while the Ninth Circuit has not addressed these issues, the majority view among the district courts following *Arias* creates the following framework: (1) PAGA actions must be filed as representative actions on behalf of current or former aggrieved employees; (2) while PAGA actions may be brought as class actions, Rule 23 certification is not necessary to the extent

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#79

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

PAGA actions are brought in a non-class representative capacity; and (3) prudential standing concerns as to non-class representative PAGA suits are either satisfied ... or inapplicable ...."). *See also Ochoa,* 2010 WL 1340777, at *4; *Moua v. Int'l Bus. Mach. Corp.*, 2012 WL 370570, at *3 (N.D. Cal. Jan. 31, 2012); *Mendez*, 2010 WL 2650571, at *4.

     This Court follows the majority opinion and determines that representative PAGA claims may proceed without class certification under Rule 23. Accordingly, the Court's denial of Plaintiff's class certification motion does not preclude Plaintiff's representative PAGA claim.

     Second, Defendants argue that if Plaintiff's PAGA claim does not automatically fail because the Court did not certify the class under Rule 23, the PAGA claim cannot be tried on a representative basis without impinging on Defendants' due process rights. *Mot.* 5:19-6:4. However, the Court sees no reason for concern because Plaintiff must still "prove Labor Code violations with respect to each and every individual on whose behalf Plaintiff seeks to recover civil penalties." *Hibbs-Rines v. Seagate Technologies, LLC,* No. C 08-05430 SI, 2009 WL 513496, *4 (N.D.Cal. March 2, 2009). Since Plaintiff's recovery of civil penalties is limited by the requirements of proving the case, the Court disagrees with Defendants and finds that permitting the PAGA claims to go forward does not circumvent the bounds of due process. *See Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC (FFMx), 2011 WL 379413, *3 (C.D. Cal. Jan. 31, 2011).

     Defendants claim that permitting Plaintiff to proceed with his PAGA claim in a representative capacity will "necessarily require a series of highly individualized, fact intensive, mini-trials." *Mot.* 6:18-20. Defendants argue that this is the reason for which the Court initially denied certification. Notwithstanding the fact that PAGA is not subject to the requirements of Rule 23, the Court notes that such mini-trials are unlikely in this case because the burden is on Defendants to prove that they kept adequate records of meal breaks or relieved employees of their duties. *Ricaldai v. U.S. Investigations Svcs., LLC*, No. CV 10-07388 DDP (PLAx), 2012 WL 2930474, *5 (C.D. Cal. May 25, 2012) ("it is the employer's burden to rebut a presumption that meal periods were not adequately provided, where the employer fails to record any meal periods"). Otherwise employers would have no incentive to record meal periods. *Id. See also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946) (recognizing that in the context of the FLSA, [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation."), *superseded on other grounds by statute*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#79**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

*as recognized in Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 649 (2d Cir. 1995).

If Defendants are unable to prove that they recorded meal periods or relieved employees of their duties, Plaintiff has the obligation of proving damages. Defendants argue that they would have the right to call each aggrieved employee to the stand because UCL cases have permitted such an inquiry in order to prove restitution damages. Defendants also argue that under *Dukes*, the individualized damages inquiry is required.

However, unlike claims under the UCL, which require an individualized determination of the particular restitution due to each plaintiff, PAGA claims require only a showing that a Labor Code violation has occurred. *Plaisted v. Dress Barn, Inc.*, No. 2:12-cv-01679-ODW (SHx), 2012 WL 4356158, *2 (C.D. Cal. Sept. 20, 2012) (citing Cal. Lab. Code § 2699(f)) ("Unlike California's UCL, PAGA does not provide for equitable restitutionary or injunctive relief; instead, plaintiffs bringing representative PAGA actions can recover only statutory penalties in fixed amounts per violation."). Thus, "the individualized assessment necessary in a PAGA action would come nowhere close to the individualized and fact-intensive restitution calculations necessary under the UCL, and is in fact an inherent aspect of a PAGA claim." *Plaisted,* 2012 WL 4356158, *2. Because Defendants cite to cases assessing damages under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200-17210, not PAGA violations, they are inapplicable. *See e.g., Bronco Wine Co. v. Frank A. Logosulo Farms,* 214 Cal.App.3d 699, 721, 262 Cal.Rptr. 899 (1989) (recognizing that the court committed reversible error by awarding restitution damages under the UCL); *Marshall v. Std. Ins. Co.,* 214 F.Supp.2d 1062, 1073 (C.D. Cal. 2000) (disallowing claim for restitution benefits under the UCL); *South Bay Chevrolet v. GMAC*, 72 Cal.App.4th 861, 869, 85 Cal.Rptr.2d 301 (1999) (finding that there was no evidentiary basis for restitution under the UCL); *Nachum v. Allstate Ins. Co.*, No. CV 97-4493 ABC (BQRx), 1997 WL 580522, at *5-6 (C.D. Cal. July 21, 1997) (determining that plaintiff did not properly state a representative action under the UCL). In fact, as Defendants acknowledge, UCL actions are required to be brought as class actions. *See Arias*, 46 Cal. 4th at 977-88 (distinguishing UCL claims from PAGA claims).

In their Reply, Defendants cite *Dukes* for the proposition that it would be inappropriate to permit Plaintiff to prove PAGA damages using representative testimony and statistics because the Supreme Court "disapprove[d] [of] that novel project." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2560 (2011). However, *Dukes* was notably different from this case. The Court's reasoning in *Dukes* was based on the fact that plaintiffs had brought a claim under Title VII for backpay based on gender discrimination. *Dukes*, 131 S.Ct. at 2560-61. The Court recognized that Wal-Mart was entitled to individualized determinations of each employee's eligibility for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#79**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

backpay because of the detailed remedial scheme of Title VII, which recognizes that the court "may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, [including] reinstatement or hiring of employees, with or without backpay ... or any other equitable relief as the court deems appropriate." *Id.* at 2560 (citing § 2000e–5(g)(1)). The Court went on to explain that in the context of discrimination cases, the Court has developed a procedure for trying pattern-or-practice cases that gives effect to these statutory requirements." *Id.* at 2561.

Here, the statutory requirements are not at issue. Plaintiff has not pleaded that he or any other employees were discriminated against in violation of Title VII or any other anti-discrimination statute. Rather, Plaintiff has pleaded that Defendants failed to pay meal and rest periods in violation of the California Labor Code. Because of this distinction, and because the statute at issue in *Dukes* is not present here, the Court sees no reason why survey evidence could not be used to determine penalties. *See, e.g.*, *Guigu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *13 (N.D. Cal. June 15, 2012) ("Plaintiffs' experts, relying on data collected from surveyed class members, and using generally acceptable statistical methods, calculated the average payments due to the class for each of the class claims as well as PAGA penalties. . . The Court is satisfied that Plaintiffs have met their burden of establishing an approximate award [for purposes of awarding damages for a default judgment] based on reasonable inferences provided by a representative sample of the class.").

By way of example, in the context of other non-Title VII based claims, both the Ninth Circuit and California courts have permitted district courts to award damages for Labor Code violations based on a representative sampling of class members. *See McLaughlin v. Seto,* 850 F.2d 586, 589 (9th Cir. 1988); *Amaral v. Cintas Corp. No. 2,* 163 Cal.App.4th 1157, 1189, 78 Cal.Rptr.3d 572 (2008) ("California courts have shifted the burden of proof to employers when inadequate records prevent employees from proving their claims for unpaid overtime hours . . . and unpaid meal and rest breaks[, and] . . . permit class action plaintiffs to prove their damages for unpaid overtime by the use of statistical sampling."). Thus, the Court sees no reason why Plaintiff should not be permitted to use representative sampling in order to prove the amounts of the PAGA penalties. Accordingly, because the burden is on Defendants to prove that they recorded meal periods or relieved employees of duty, and because Plaintiff can prove damages using survey evidence, the Court sees no reason why due process concerns would outweigh Plaintiff's right to proceed with the PAGA claim.

For the foregoing reasons, the Court **DENIES** Defendants' Motion in Limine # 4.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#79**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 14, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

**IT IS SO ORDERED.**