O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                        Not Present

**Proceedings:** (In Chambers) Order DENYING Defendants' Motions in Limines # 3 and 5

Pending before the Court are Defendants Hobart Service and ITW Food Equipment Group, LLC's ("Defendants") Motions in Limine # 3 and 5. Dkts. # 77, 80. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving papers, opposing papers, and reply papers, the Court DENIES the motions.

I.   Background

On October 5, 2011, Plaintiff filed a class action lawsuit against Defendants based on allegations that (1) Plaintiff was and is not compensated for his "normal commute" travel time; (2) Plaintiff's overtime pay has been incorrectly calculated due to Defendants' alleged failure to include SPIFF payments in the regular rate used to compute overtime pay; and (3) Defendants have failed to provide Plaintiff off-duty meal periods, or pay in lieu thereof, as required by California law. *See* SAC ¶¶ 21, 25, 30. Plaintiff's Second Amended Complaint asserts causes of action for violations of California Labor Code § 1194 (overtime wages); California Business and Professions Code § 17200 *et seq.* ("UCL"); and California Labor Code § 2699 ("Private Attorneys General Act" or "PAGA").

Plaintiff filed a motion for class certification, which the Court denied. *See* Dkt. # 63. Defendants then filed a Motion for Summary Judgment, which the Court granted in part and denied in part. Dkt. # 93. In their third Motion in Limine, Defendants argue that Plaintiff should not be able to introduce the expert report and testimony of Dr. Jon A. Krosnick, who prepared an

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

expert report regarding whether the service technicians employed by Defendants took meal breaks. In their fifth Motion in Limine, Defendants argue that Plaintiff should not be able to introduce the expert report of Dr. Dwight D. Steward, whose expert report relied on Dr. Krosnick's data to calculate the appropriate penalties under the PAGA.

II.     Legal Standard

The admissibility of expert testimony is governed by FRE 702, which provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. When offering survey evidence, "[t]he proponent of the survey bears the burden of establishing its admissibility." *Keith v. Volpe,* 858 F.2d 467, 480 (9th Cir. 1988) (citation omitted). In the Ninth Circuit, a party seeking to admit survey evidence must show that the survey was "conducted according to accepted principles and [is] relevant." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.,* 618 F.3d 1025, 1036 (9th Cir. 2010) (alterations in original). "'[O]bjections to a study's completeness generally go to 'the weight, not the admissibility of the statistical evidence,' and should be addressed by rebuttal, not exclusion." *Obrey v. Johnson*, 400 F.3d 691, 695 (9th Cir. 2005) (citing *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1476 (9th Cir.1995)).

III.    Discussion

    A.     Motion in Limine No. 3

Dr. Krosnick conducted a telephone survey of putative class members to determine how many meal and rest breaks they allegedly missed on average from October 5, 2007 to September 30, 2012. *Mot.* 1:25-27.[1] Defendants make four arguments as to why Dr. Krosnick's testimony

---

[1] Defendants' motion says that the survey tests through "the present" but the questionnaire reveals that the survey tested through September 30, 2012. The interviewing began on October

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

and report should be excluded. Defendants claim that Dr. Krosnick relied on irrelevant data, that the data in his report is highly prejudicial, that his report is unreliable, and that Dr. Krosnick lacks the specialized knowledge to conduct a survey on workplace issues. Each argument will be addressed in turn.

First, Defendants contend that Dr. Krosnick relied on irrelevant data. One of the requirements of Rule 702 is that the proposed expert's testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Defendants contend that here, Dr. Krosnick's survey will not aid the trier of fact because at issue is whether Defendants *provided* meal breaks to employees in compliance with California law, and Dr. Krosnick's study measures whether employees *took* meal breaks. *Mot.* 5:19-25. However, the Court is not persuaded that Dr. Krosnick's inquiry has no relevance. Although an employer need only provide a meal period to its employees, and need not ensure that employees take such breaks, *see Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1040 (2012); *Muldrow v. Surrex Solutions Corp.*, 208 Cal. App. 4th 1381, 1398 (2012), the failure to record meal periods produces a rebuttable presumption that meal periods were not provided. *See Ricaldai v. U.S. Investigations Svcs., LLC*, No. CV 10-07388 DDP (PLAx), 2012 WL 2930474, *5 (C.D. Cal. May 25, 2012) ("it is the employer's burden to rebut a presumption that meal periods were not adequately provided, where the employer fails to record any meal periods"); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946) (finding that in the context of the FLSA, "an employee has carried out his burden if he . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."), *superseded on other grounds by statute as recognized in Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 649 (2d Cir. 1995).

Accordingly, because it would be unreasonable to expect employees to maintain records of every time they were provided a meal break, Defendants have an opportunity to prove that they provided meal breaks. However, absent such proof, the survey evidence is relevant to give an approximation of damages (and, as the Court notes later in this Order, the survey evidence is relevant as to liability).

---

12, 2012. *Krosnick Report*, at Appx. C, 15, 34.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

  Defendants also argue that Dr. Krosnick's testimony and expert report are irrelevant because Dr. Krosnick's report is based on an improper time period. "PAGA claims are subject to a one-year statute of limitations, ensuring that any future lawsuits will be based on different pay periods than those involved in the instant action." *Adams v. Luxottica U.S. Holdings Corp.*, SA CV 07-1465 AHS, 2009 WL 7401970, *3 (C.D. Cal. July 24, 2009); *Hernandez v. Towne Park, Ltd.,* CV 12-02972 MMM JCGX, 2012 WL 2373372, *15 (C.D. Cal. June 22, 2012) ("the statute of limitations on PAGA penalties is one year"); *see also* Cal. Civ. Proc. Code § 340(a). Defendants criticize Dr. Krosnick's survey on the grounds that it fails to differentiate between the frequency of missed meal breaks in the past year and missed meal breaks since 2007.[2] However, while the report is deficient because of the overly broad timeframe, that does not render it irrelevant. *Keith v. Volpe*, 858 F.2d 467, 480 (9th Cir. 1988) ("Technical inadequacies in the survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility."). Indeed, Defendants' conduct prior to the relevant time period can shed light on Defendants' likely behavior during the relevant time period.

  Second, Defendants argue that Dr. Krosnick's report is highly prejudicial. Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, Plaintiff points out that these considerations are minimal in the context of a bench trial. *United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995) ("it would be most surprising if such potential prejudice had any significance in a bench trial"). While Defendants cite many cases noting that *Daubert* requirements must still be met for bench trials, Defendants do not counter Plaintiff's argument that there is less cause for concern regarding prejudice with a bench trial. Also, Defendants have failed to argue that the alleged prejudice would be unfair. *See United States v. Simas*, 937 F.2d 459, 464 (9th Cir. 1991). Thus, the Court is not concerned by the potential prejudice of Dr. Kosnick's report.

  Third, Defendants argue that Dr. Krosnick's report is unreliable. Defendants contend that "Dr. Krosnick's methodology for gathering data, including his survey questions, did not comport

---

[2] The time period beginning in 2007 would be outside the statute of limitations, because the lawsuit was filed October 5, 2011. *See* Dkt. # 1. Thus, any claims pre-dating October 5, 2010 would be time-barred under PAGA.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

with California's meal break rules which requires employers to make meal breaks available to employees. Dr. Krosnick's survey failed to determine *why* employees may not have taken breaks." *Mot.* 18-23. Here, Defendants are making the same argument as they did as to the survey's relevance. For the same reasons, the Court finds that the arguments have no bearing on the survey's admissibility.

     Additionally, Defendants assert that the methodology is flawed because of the Supreme Court's holding in *Wal-Mart v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541 (2011). However, this Court has previously recognized that the *Dukes*, a case involving remedies under Title VII, is not applicable to whether survey evidence could be used in this case, regarding California Labor Code violations. *See* Dkt. # 125 at 6. *See also Guigu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *13 (N.D. Cal. June 15, 2012) ("Plaintiffs' experts, relying on data collected from surveyed class members, and using generally acceptable statistical methods, calculated the average payments due to the class for each of the class claims as well as PAGA penalties. . . The Court is satisfied that Plaintiffs have met their burden of establishing an approximate award [for purposes of awarding damages for a default judgment] based on reasonable inferences provided by a representative sample of the class."). The Court is similarly unpersuaded by Defendants' references to *Lamps Plus* and *Hernandez*, which were both recently ordered unpublished by the California Supreme Court. *See Lamps Plus Overtime Cases*, 209 Cal. App. 4th 35, 146 Cal.Rptr. 3d 691 (2012), *review denied ordered depublished*, 2012 Cal. LEXIS 11738 (Dec. 12, 2012); *Hernandez v. Chipotle Mexican Grill, Inc.*, 208 Cal. App. 4th 1487, 146 Cal.Rptr. 3d 424 (2012), *review denied ordered depublished*, 2012 Cal. LEXIS 11598 (Dec. 12, 2012).

     Defendants also criticize Dr. Krosnick's survey because of its sample size, noting that Dr. Krosnick has stated that "survey evidence presented by a single witness can effectively substitute for the testimony of hundreds, even thousands." *Mot.* 10:15-19. However, the fact that surveys can be used for larger populations does not diminish their efficacy as to smaller populations, and Defendants make no argument as to why a survey cannot be used for a smaller sample. Lastly, as to reliability, Defendants note that respondents to Dr. Krosnick's report received a monetary incentive of $100 for participating in the survey. *Mot.* 10:25-11:1. Defendants cite no caselaw suggesting that monetary incentives of $100 are unreasonable for survey participation, and this Court is not aware of any cases to suggest the unreasonableness of the incentive. Indeed, *York v. Starbucks Corp.* found a survey unreliable where it *failed* to provide a financial incentive. *York v. Starbucks Corp.*, No. CV 08-07919 GAF (PJWx), 2011 WL 8199987, *12 (C.D. Cal. Nov. 23, 2011). Moreover, the Court notes that even if the incentive could compromise the validity of the answers, this would go to the weight of the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

survey and not to its admissibility. *Obrey v. Johnson*, 400 F.3d at 695.

    Additionally, in their Reply, Defendants assert that the survey is unreliable because Dr. Krosnick admits that he did not discard the responses of the aggrieved employees who had heard of the lawsuit. *Krosnick Report*, ¶¶ 62, 63. Defendants argue that proper survey procedures require discarding responses where the respondents have heard of pending litigation. However, in his report, Dr. Krosnick recognized the adjustments that would be necessary to eliminate bias and detailed the results if he did eliminate bias. *Id.* ¶ 63. Acknowledging that the adjustments would be favorable to the Plaintiff, Dr. Krosnick did not change the results of his study. *Id.* Defendants also bring up the issue of a 40% response rate for the first time in their Reply. However, any problems with the response rate affect the weight, and not the admissibility of the study. *See Harris v. Vector Marketing Corp.*, 753 F. Supp. 2d 996, 1001-02 (N.D. Cal. 2010) ("[Plaintiff] criticizes the content of the survey conducted and prepared by [Defendant's expert] as well as the response rate to the survey. The problem for [Plaintiff] is that, as she herself admits in her brief, even challenges to defects in methodology normally affect the weight to be accorded the survey and not its admissibility.").

    Fourth, Defendants claim that Dr. Krosnick lacks the specialized knowledge to conduct a survey on workplace issues. Defendants assert that "[t]here is no indiciation that [Dr. Krosnick] has any experience or specialized knowledge in analyzing 'workplace experiences,' such as whether or not meal breaks were provided to employees." *Mot.* 11:24-12:2. Plaintiff has shown that Dr. Krosnick has extensive training with regard to survey research methods. *Opp.* 1:2-3:13; *Krosnick Decl.*, ¶¶ 3-9. Indeed, regarding "workplace experiences", Dr. Krosnick has testified in more than fifty cases regarding employment issues. *Opp.* 2:16-26. Additionally, the Court notes that, as with the discussion pertaining to relevance and reliability, Dr. Krosnick need not testify as to whether meal breaks were provided; rather, his testimony can establish the frequency with which meal breaks were not taken. Accordingly, the Court is satisfied that Dr. Krosnick's testimony will help the Court "to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

    Finally, the Court notes that Defendants request that the Court not permit Dr. Krosnick to testify for purposes of establishing liability, but only for purposes of establishing damages. As Plaintiff explains in his Opposition, in order to establish his case in chief, he intends to prove that he and other aggrieved employees worked in the relevant time period for more than five hour shifts, and that there are no records to show whether meal breaks were taken or missed. *Opp.* 9:3-6. Once Plaintiff establishes that there are no records, a "rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." *Brinker*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

*Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1053, 139 Cal.Rptr.3d 315 (Werdegar, J., concurring); *see also Gonzalez v. Officemax North America*, No. SACV 07-00452 JVS (MLGx), CV 07-4839 JVS (MLGx), 2012 WL 5473764, *3 (C.D. Ca. Nov. 5, 2012); *Ricaldai v. U.S. Investigations Services, LLC*, No. CV 10-07388 DDP (PLAx), 2012 WL 2930474, *4 (C.D. Cal. May 25, 2012). Accordingly, while Plaintiff need not prove that aggrieved employees waived the opportunity to have a work-free break, to the extent the survey can aid Plaintiff in proving that employees worked shifts longer than five hours to prove his case in chief, the Court finds this permissible. *See Brinker*, 53 Cal.4th at 1053 ("An employer's assertion that it did relieve the employee of duty, but the employee waived the opportunity to have a work-free break, is not an element that a plaintiff must disprove as part of the plaintiff's case-in-chief.").

Thus, based on the foregoing, Defendants' Motion in Limine No. 3 is DENIED.

B. Motion in Limine No. 5

Defendants also move to exclude the report and testimony of Dr. Dwight D. Steward, who submitted a report that provides an analysis of, *inter alia*, the appropriate amount, if any, of penalties under the PAGA. *Mot.* 3:23-4:2. Defendants' entire Motion is based on the premise that it was improper for Dr. Steward to rely on Dr. Krosnick's data in compiling his economic analysis. *Mot.* 5:1-26. However, the Court has already denied Defendants' Motion in Limine No. 3, determining that any alleged deficiencies with Dr. Krosnick's survey go to weight and not admissibility. *Obrey v. Johnson*, 400 F.3d at 695. Accordingly, Dr. Steward's analysis is not flawed on the basis of his reliance on Dr. Krosnick's survey.

Thus, based on the foregoing, Defendants' Motion in Limine No. 5 is DENIED.

IV. Conclusion

For the foregoing reasons, Defendants' Motions in Limine Nos. 3 and 5 are both DENIED.