O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**  **(In Chambers) Order GRANTING Defendants' Motion for Summary Judgment**

Pending before the Court are Defendants Hobart Service and ITW Food Equipment Group, LLC's ("Defendants") Motions for Judgment on the Pleadings or Motion for Summary Judgment for Plaintiff's alleged failure to satisfy the statutory prerequisites for commencing a civil action under PAGA. Dkt. # 128. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving papers and opposing papers, the Court GRANTS the motion.

I.  Background

On October 5, 2011, Plaintiff filed a class action lawsuit against Defendants based on allegations that (1) Plaintiff was and is not compensated for his "normal commute" travel time; (2) Plaintiff's overtime pay has been incorrectly calculated due to Defendants' alleged failure to include SPIFF payments in the regular rate used to compute overtime pay; and (3) Defendants have failed to provide Plaintiff off-duty meal periods, or pay in lieu thereof, as required by California law. *See* SAC ¶¶ 21, 25, 30. Plaintiff's Second Amended Complaint asserts causes of action for violations of California Labor Code § 1194 (overtime wages); California Business and Professions Code § 17200 *et seq*. ("UCL"); and California Labor Code § 2699 ("Private Attorneys General Act" or "PAGA").

Plaintiff filed a motion for class certification, which the Court denied. *See* Dkt. # 63. Defendants then filed a Motion for Summary Judgment, which the Court granted in part and denied in part. Dkt. # 93. In that Motion for Summary Judgment, Defendants inexplicably

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

failed to bring a claim regarding Plaintiff's alleged failure to meet the statutory prerequisites for filing a PAGA claim. For the first time in the Final Pretrial Conference Order, aside from listing it as an affirmative defense in their Answer, Defendants raised the issue of Plaintiff's failure to meet the PAGA statutory prerequisites.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted). A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.    Discussion

PAGA sets out procedural requirements that must be met before a claim can be brought. The Plaintiff must provide written notice to both the LWDA and the employer, listing "the specific provisions . . . alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Labor Code § 2699.3(a)(1). Notice must be sent by certified mail, and the employee can only pursue a claim if the LWDA either declines to investigate or neglects to respond within 33 days. *Id.* § 2699.3(a)(2)(A). If the LWDA decides to investigate, it must do so within 120 days. Should it fail to investigate or decide not to issue a citation, the proposed plaintiff may then bring a cause of action. *Id.* § 2699.3(a)(2)(B).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

A. Sufficiency of the PAGA Letter

Defendants contest the sufficiency of the notice letter sent by Plaintiff's attorney. Defendants argue that the letter does not meet the statutory requirements of PAGA because it does not list the "facts and theories" in support of its allegations. Because of these alleged defects, Defendant argues the letter failed to provide Defendant with requisite notice.

The language of the letter, dated September 19, 2011, states in part:

> Our offices have been retained by Joseluis Alcantara [sic] (Plaintiff). Plaintiff is a former employee of ITW Food Equipment Group, LLC aka Hobart Service (Defendant). Plaintiff contends that Defendant (1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include extra compensation required by California Labor Code section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due; (4) failed to provide accurate wage statements to employees as required by California Labor Code section 226; (5) failed to provide reimbursement for work related expenses as required by Labor Code § 2802; and (6) failed to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and applicable Industrial Welfare Commission orders. Said conduct, in addition to the foregoing, violated each Labor Code section as set forth in California Labor Code section 2699.5.

*Matheke Decl.*, Ex. 1. To explain how the letter fails to satisfy the statutory requirements, Defendants cite to *Archila v. KFC U.S. Props., Inc.*, 420 Fed. Appx. 667, 669 (9th Cir. 2011), cert. denied, ___ U.S. ___, 132 S. Ct. 246 (2011), where the Ninth Circuit affirmed the trial court's determination that a similar LWDA letter was deficient. 420 Fed. Appx. 669 ("Even if we were to read the cover and demand letters 'with utmost liberality,' because neither letter contains any factual allegations whatsoever, they cannot constitute adequate notice for purposes of PAGA. Archila's PAGA claims therefore cannot proceed."). The language of the letter in *Archila* mirrors the language from the letter sent by Ms. Workman:

> This office represents Kenny Archila who currently works for KFC.... We are investigating a potential class action on behalf of current and former employees, who worked for KFC for premium pay requirements related to KFC's practice of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

    denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10 and [long list of specific California Labor Code sections]."

*Soto v. Castlerock Farming and Transport, Inc.*, CIV-F-09-0701 AWI JLT, 2012 U.S. Dist. LEXIS 53109 (E.D. Cal. April 16, 2012).[1] Like in *Archila*, Plaintiff's letter specifies the named Plaintiff, Joseluis Alcantar, and identifies the allegedly illegal practices and their corresponding California Labor Code sections. Given the similarity in the way the allegations are phrased, the Court finds the decision of the Ninth Circuit highly persuasive.

    In *Soto*, the Court also found that Plaintiff did not fulfill the PAGA requirements because, like in *Archila*, Plaintiff did not sufficiently detail the "facts and theories" of the alleged violations. *Soto*, 2012 U.S. Dist. LEXIS 53109 ("Plaintiffs' letter is similar to Archila's letter in level of detail about the "facts and theories" of alleged violations."). That letter explained: "[p]ayment has not been made for all work actually required and permitted to be performed, and for all rest and meal periods. The employer has violated various provisions of the Labor Code." *Soto*, 2012 WL 1292519, at *8. The *Soto* court's reasoning demonstrates that simply claiming violations of Labor Code provisions without specifying the factual context underlying those violations is insufficient for satisfying the statutory prerequisites of PAGA.

    Plaintiff attempts to argue that *Archila* is unpublished and therefore non-binding, and that many subsequent courts have disagreed with *Archila*'s assessment that a PAGA letter must contain "facts and theories" to support a plaintiff's allegations. However, *Archila* is still persuasive authority, and all of the cases cited by Plaintiff in support of his position contain more elaborate "facts and theories" to support the allegations made in the letter than in *Archila*.

    In *Cardenas*, the Court recognized that while a Plaintiff need not put forth "every potential fact or every future theory," he must detail some notice of the facts and theories that support the alleged violation. *Cardenas v. McLean Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1259-61 (C.D. Cal. 2011). In *Cardenas*, the requirement was met because the LWDA letter named the thirty-seven plaintiffs and also specified that the group of plaintiffs was "a group of trucker drivers who worked for McLane Food Service, Inc." *Id.* While the Court noted that a Plaintiff need not name all aggrieved employees to meet the statutory prerequisites, it also recognized that naming the potential plaintiffs was one way of detailing facts to support the

---

[1] In *Soto*, the Court recognized that the LWDA letter was a publicly available exhibit on PACER and judicially noticed the letter.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

alleged violation. *Id.*

The Court in *Moua* similarly recognized that one way to meet the requirement of including facts and theories to support the alleged violation was to name specific aggrieved employees. *Moua v. International Business Machines Corp.*, No. 5:10-cv-01070 EJD, 2012 WL 370570 (N.D. Cal. Jan. 31, 2012) ("While this is certainly a close call, the court finds that the August 10th complies with Labor Code § 2699.3 since it names specific 'aggrieved employees' and identifies at least *some* alleged facts and theories."). The Court noted that the inclusion of the names of the aggrieved employees made *Moua* more consistent with *Cardenas* than with *Archila*. *Id.*

Finally, in *Gonzalez*, the Court recognized that the letter differed from that in *Archila* because it listed sufficient facts to provide notice to the LWDA. *Gonzalez v. Millard Mall Services, Inc.*, Civil No. 09cv2076 AJB (WVG), 2012 U.S. Dist. LEXIS 118133, *15-16 (S.D. Cal. Aug. 21, 2012) ("Contrary to the notice letter in *Archila* where Plaintiffs merely listed a long list of specific labor code sections without any facts to support each, here, Plaintiffs state the labor code violation and provides sufficient facts to provide notice to the LWDA."). In that letter, the plaintiff specified that Defendants issued paychecks out of a bank in Illinois and the address of the bank did not appear on the paychecks. *Id.* The Court recognized these factual allegations as sufficient support of plaintiff's claim that the employer had violated California Labor Code § 212(a).

Thus, while other District Court cases have distinguished themselves from *Archila*, Plaintiff has cited no District Court cases in which a court did not require some factual allegations in support of plaintiff's claims, either in the form of naming the aggrieved employees or providing greater explanation of the factual theories surrounding the claims. Here, the closest that Plaintiff comes to making a factual allegation in the letter is to allege a failure "to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees." However, the Court sees no meaningful difference between this allegation and the allegation in *Archila*: "KFC's practice of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10." Both vaguely list ways in which the California Labor Code provisions were violated and fail to allege specific facts, like the allegation that a defendant was not compliant with Cal. Labor Code § 212(a) because it issued paychecks out of a bank in Illinois and the address of the bank did not appear on the paychecks. Accordingly, the Court agrees with Defendants that the factual allegations in the letter are insufficient under *Archila*. Accordingly, no issue of material fact remains as to whether the language in the PAGA letter is sufficient under *Archila*.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

  B.  <u>Waiver</u>

  Plaintiff argues that Defendants are precluded from arguing that the PAGA letter is deficient because they waived the affirmative defense of failure to exhaust administrative remedies. *See Batson v. United Parcel Service, Inc.*, Case No. 12cv0839 BTM (JMA) 2012 U.S. Dist. LEXIS 139567, *6 (S.D. Cal. Sept. 27, 2012) ("failure to exhaust administrative remedies under the PAGA is an affirmative defense subject to waiver").

  However, Defendants did not waive the affirmative defense of failure to exhaust administrative remedies. Defendants' tenth affirmative defense, as stated in their Answer to Plaintiff's Second Amended Complaint, is "Failure to Exhaust Administrative Remedies." Dkt. # 36, ¶ 43. In their Answer, "Defendants allege, based on information and belief, that the Complaint, or portions thereof, fall outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the jurisdictional prerequisites mandated by California Labor Code Sections 2698, *et seq.* [PAGA]." *Id.* Plaintiff claims that Defendant has waived exhaustion of remedies as an affirmative defense by failing to litigate the defense until the Final Pretrial Conference Order. Plaintiff cites California state law cases purporting to stand for the proposition that an affirmative defense is waived if not brought early in litigation, but almost all of the cases only deal with a situation in which a plaintiff failed to raise an affirmative defense until his appeal. *See Green v. City of Oceanside*, 194 Cal.App.3d 212, 221-22, 239 Cal.Rptr. 470 (1987); *Mokler v. County of Orange*, 157 Cal.App.4th 121, 134-35, 68 Cal. Rptr. 3d 568 (2007). There is one case Plaintiff cites in which the court found that the defendant had waived his affirmative defense of exhaustion of remedies where he waited to litigate the issue until his motion for summary judgment. *HWB Automotive Group, Inc. v. Nissan Div. of Nissan Motor Corp.*, 45 Cal. App. 4th 1663 (1996). This was true even where Defendant had preserved the affirmative defense in his Answer. *Id.*

  However, the Court is not persuaded by *HWB*. Importantly, *HWB* is an unpublished California case to which the Federal Rules of Civil Procedure did not apply. "While state law defines the nature of the defenses, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Healy Tibbits Const. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982). Under the Federal Rules, where a defendant pleads an affirmative defense in his answer, it is preserved. *See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 687 (9th Cir. 1993) (holding that even after defendant's motion to dismiss on statute of limitations grounds was denied, because defendant included the statute of limitations defense in its answer, the court could rely on statute of limitations defense to dismiss case in a motion brought on other grounds); *Greenberg v. U.S. Dept. of Treasury*, 10 F. Supp. 2d

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#128

CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

3, 23 (D.D.C. 1998) ("The Court is aware of no authority which requires a party to raise an affirmative defense pled in its answer in its first motion for summary judgment in order to avoid waiving that defense."). Accordingly, because Defendants pleaded the failure to exhaust administrative remedies as to PAGA claims as an affirmative defense, they did not waive the defense.

     Finally, Plaintiff argues that even if the affirmative defense of exhaustion of remedies is not waived, it was inadequately pleaded in the Answer. Plaintiff explains that the law of this Circuit is to hold affirmative defenses to the heightened pleading standard of *Twombly* and *Iqbal*. *Gonzalez v. Heritage Pac. Fin., LLC*, Case No. 2:12-cv-01816-ODW (JCGx), 2012 U.S. Dist. LEXIS 112195, *5-6 (C.D. Cal. Aug. 8, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Rule 8(c) addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Other courts have recognized that the affirmative defense of exhaustion of administrative remedies under PAGA is insufficiently pleaded where the defendant fails to allege specific facts relating to the failure to exhaust administrative remedies. *O'Sullivan v. AMN Servs.*, No. C-12-02125 JCS, 2012 U.S. Dist. LEXIS 98560, *10-11, *25-26 (N.D. Cal. July 16, 2012). However, *O'Sullivan* is unhelpful because it fails to specify the language used by defendants in their Answer, only stating that the affirmative defenses were all "boilerplate." *Id.* at *3-4.

     Here, Defendants' Answer specified that the failure to exhaust administrative remedies pertained specifically to the PAGA claim, identifying the relevant section of the California Code: "Plaintiff has failed to satisfy the jurisdictional prerequisites mandated by California Labor Code Sections 2698, *et seq.* [PAGA]." Under that section, the only jurisdictional prerequisites required are that the aggrieved employee provide "written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation" and that the aggrieved employee may commence a civil action only upon receiving notice from the agency that it does not intend to investigate the alleged violation. Cal. Labor Code § 2699.3. Given the limited nature of the jurisdictional prerequisites, Defendants' inclusion of the section of the labor code relevant to PAGA claims surely put Plaintiff on notice of the nature of the affirmative defense. Because Defendants specifically recognized that Plaintiff had not just failed to exhaust administrative remedies, but had failed to exhaust the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#128**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1600 PSG (SPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *Joseluis Alcantar v. Hobart Service, et al.* | | |

jurisdictional requirements imposed by PAGA, the Court finds that there was enough information to put Plaintiff on notice of the affirmative defense.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED as to the Plaintiff's failure to exhaust administrative remedies.

**IT IS SO ORDERED.**